F. C. SHELDON SLATE CO *v.* SMITH SHELDON.

May Term, 1928.

Present: WATSON, C. J., POWERS, MOULTON, and CHASE, JJ., and THOMPSON, Supr. J.

Opinion filed October 3, 1928.

*Lawrence, Stafford & Bloomer,* and *J. B. McCormick* (of Granville, N. Y.), for the plaintiff.

*E. H. Holden* and *M. C. Webber* for the defendant.

CHASE, J.   At Granville, N. Y., on the 13th day of June, 1919, Smith Sheldon, the defendant, as the first party, and

Fred Sheldon, as the party of the second part, executed an instrument in writing with the usual formalities required for a lease of land. It contained numerous terms and conditions concerning the quarrying and manufacturing by the second party of roofing slate and mill stock upon payment to the first party of certain sums of money to be determined at a specified price upon the amount produced. There was nothing in the instrument, however, to show what land was leased, unless a paragraph at the end does that. This paragraph is quoted.

> "Option: The first party, in consideration of $1.00 in hand paid, and upon the faithful performance of the terms and conditions of this lease, by the party of the second part, and upon the payment of Fifteen Thousand Dollars on the 1st day of March of any year until March 1, 1923, undertakes and agrees to sell and convey all of the said farm, free from incumbrances, and consisting of about four hundred acres of land lying in the towns of Hebron, N. Y. and Rupert, Vt., to the said party of the second part, provided seven months' notice in writing of the acceptance of this option be given, and except that the conveyance shall be subject to the lease above given."

On the same day Fred Sheldon assigned the lease to the plaintiff. It thereupon entered upon a farm belonging to the defendant and commenced and continued the production of roofing slate and slate products therefrom under the terms of the lease until May, 1925. Then a strike interfered with the work and it was suspended until after the 3rd of April, 1926. On this date the defendant gave the plaintiff notice in writing that he elected to terminate the lease for certain reasons therein stated but which are not material here. On April 5, 1926, the plaintiff sent men to the quarry to begin work. They found the gate locked. After some talk with the plaintiff's foreman the defendant told him he might enter with his men to remove the machinery but for no other purpose and gave him the key. The foreman did not assent to this but took the key, and then resumed operations in the quarry. On April 8, 1926, the plaintiff brought this suit and has continued to work the quarry under the protection of a temporary injunction it obtained.

Various issues were involved in the hearings below but on appeal only what relates to the description, or lack of descrip-

tion, in the lease, has been brought to us. The chancellor has filed his findings of fact showing, among other things, what land the plaintiff had occupied up to April 3, 1926, when it received the notice from the defendant seeking to terminate the lease, and then filed his decree restraining the defendant from interfering with the plaintiff in quarrying and manufacturing slate within the limits of such land under the terms of the lease. He also restrained the plaintiff from extending its quarry on lands of the defendant beyond such limits without the defendant's consent. From this decree the plaintiff appealed.

For the purposes of this case let us assume, as the plaintiff contends, that the option clause above quoted may be used to supply a description in the lease which otherwise has none whatever. Obviously, it can do that only in so far as it is itself descriptive. It shows then that the lease related to. a farm "free from incumbrances and consisting of about four hundred acres of land lying in the towns of Hebron, N. Y, and Rupert, Vt." From the instrument no one can tell where in those two towns the farm is, or, except possibly by inference, who owns it, or what its boundaries are. While the use of the word "all" in connection with "said farm" in the option clause might perhaps indicate that less than all of it was leased, we see no occasion to enter the realm of possibilities or nice distinctions in language.

In so far as the parties themselves have located the leased premises on the land of the defendant, the indefinite description in the writing has been aided by a definite marking on the ground. To this extent the uncertain has been eliminated and the lease is valid and binding, for the defendant has for years accepted the payments provided in the lease and recognized the plaintiff's leasehold rights in the occupied land.

But as to land not actually occupied under it the lease is as indefinite now as the day it was written. It will not serve to give the plaintiff constructive possession of land not actually occupied. It does not show what other land, if any, the plaintiff has any right or interest in. *Goodsell* v. *Rutland-Canadian R. R. Co.*, 75 Vt. 375, 56 Atl. 7.

*The rights of the parties are fully protected by the decree and it is affirmed.*